# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JUSTIN ARELLANO, an

individual,

      Plaintiff,                                 Case No. 22-CV-

and

JEREMIAH ARELLANO, an

Individual

v.

ANTHONY TAYLOR,

individually

      Defendant,

                                                               /

William F. Piper (P38636)
William F. Piper, P.L.C.
Attorney for Plaintiff
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

## **COMPLAINT**

    The plaintiffs, by and through their attorney William F piper PLC, for their complaint, state as

follows:

## **JUDICIAL ALLEGATIONS**

1)    The plaintiff Justin Arellano is a Mexican-American 20-year-old man, who is a United

    States citizen, who resides in the Village of Hartford, County of Van Buren, State of

    Michigan, with his brother Jeremiah Arellano and their parents.

2)     The plaintiff Jeremiah Arellano is a Mexican-American 18-year-old man who is a United States citizen, who resides in the Village of Hartford, County of Van Buren, State of Michigan, with his brother Justin Arellano and their parents.

3)     The defendant Anthony Turner was a Van Buren County Sheriff's Deputy at all times relevant to this complaint, and, upon information and belief, he still is.

4)     The events complained of occurred on April 25, 2022 in the Village of Decatur, County of Van Buren, State of Michigan, at 6088 West Oak Drive.

5)     The events complained of were committed by the defendant under color of state law but not under a legitimate exercise of government authority.

6)     The jurisdiction of this case arises under 28 USC § 1331 and 28 USC § 1343.

7)     The claims in this case arise under 42 USC § 1983.

8)     Certain of the claims alleged herein arise under the supplemental jurisdiction of this court to hear and try state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

9)     The plaintiffs restate and reallege as though fully set herein paragraphs 1–8 of this complaint.

10)    On April 25, 2022 the plaintiffs, as part of their business Roots Lawn Care & Landscaping, at approximately 7:29 p.m., were finishing up a project building a gazebo at 6088 West Oak Drive in Decatur, Michigan.

11)    The plaintiffs had just closed the garage door, and Justin Arellano had entered his car, and he had begun backing out of the driveway to allow his brother Jeremiah, who was standing by the car, to enter it.

12)     Jeremiah Arellano told his brother to hold on, as a Van Buren County Sheriff's Office vehicle had pulled in behind Justin's car.

13)     Justin Arellano then exited his vehicle, and the defendant Turner exited his.

14)     Justin Arellano then asked the officer what was the problem.

15)     The defendant Turner then asked Justin Arellano angrily, "What do you mean what the fuck is the problem?"

16)     The defendant Turner asked Justin Arellano what he was doing there, still in an angry voice.

17)     Justin Arellano told the officer to chill, that they had been working there.

18)     The defendant Turner, within a minute of his arrival, grabbed Justin Arellano, grabbed his wrists, jerked his arms behind his back, handcuffed him, arrested him, and placed him in his patrol vehicle.

19)     In the meantime Jeremiah Arellano had walked to the street, flagged down a passerby, and called his mother to let her know what was going on.

20)     Jeremiah Arellano returned to the scene, and he witnessed the defendant Turner enter Justin Arellano's car, pull the keys from the ignition and search it.

21)     The defendant Turner then arrested and handcuffed Jeremiah Arellano about two minutes after he had arrested Justin Arellano, and he placed him inside of Justin Arellano's car, slamming the door behind him and damaging the hinge of it.

22)     About six minutes into the start of the encounter, the defendant Turner called the owner of the home, and the owner confirmed to the defendant Turner that the plaintiffs were there legitimately doing work.

23) The defendant Turner then indicated to the homeowner that he had arrested the plaintiffs because they had not cooperated and had been harassing him.

24) Justin Arellano asked the defendant Turner why he was arresting him, and the defendant answered "Because you kept giving me mouth".

25) The plaintiff Justin Arellano demanded to be released, asserting to the defendant that he was violating their rights, and he asked for a supervisor.

26) The defendant told the plaintiffs that he had not violated their rights.

27) The defendant Turner then tried to open the locked garage door, against the protests of the plaintiffs.

28) Justin then loudly and repeatedly yelled "Uncuff me now" as his anxiety was increasing.

29) The plaintiffs' mother and father arrived at the scene around fifteen minutes after Justin Arellano had been arrested, and they demanded that her sons be released.

30) The defendant Turner refused to release the plaintiffs from handcuffs and from their confinement in part because they and their parents had protested and were protesting the illegal arrests.

31) The plaintiffs, especially Justin, because he has ADHD and anxiety issues, were becoming increasingly agitated and upset.

32) Justin Arellano continued to yell, demanding that the defendant uncuff him.

33) Another officer and a supervisor arrived, but the defendant still continued to detain the plaintiffs.

34) The plaintiffs asked the defendant Turner why he was not letting them go.

35) The defendant Turner responded by saying he shouldn't be doing drugs on duty.

36) Finally, the other deputies released the plaintiffs from handcuffs and custody, forty minutes after the defendant had arrested Justin Arellano.

37) The plaintiffs then had to ask that the defendant return Justin Arellano's car keys.

38) As a result of the events described above, the plaintiff Justin Arellano suffered and continues to suffer a loss of liberty, sore wrists, sore muscles in his back, fear of police, anxiety, panic attacks, emotional distress, a loss of enjoyment of life and other compensatory damages.

39) As a result of the events described above, the plaintiff Jeremiah Arellano has suffered and continues to suffer a loss of liberty, emotional distress, a loss of enjoyment of life, fear of police and other compensatory damages.

## COUNT 1 – UNCONSTITUTIONAL SEIZURES, ARRESTS, SEARCHES AND EXCESSIVE FORCE - FOURTH AMENDMENT VIOLATIONS – 42 USC § 1983

40) The plaintiffs restate and reallege as though fully set herein paragraphs 1–39 of this complaint.

41) The aforementioned acts of the defendant Turner constitute unconstitutional searches, seizures, arrests, detainments, and uses of excessive force.

42) The defendant Turner could not reasonably have believed that his actions described above were lawful or within the constitutional limits on the exercise of his authority under the Fourth and Fourteenth Amendments to the Constitution of the United States.

43) The acts of the defendant above violated the clearly established right of the plaintiffs to be free from the unconstitutional conduct described above.

44) These claims are actionable under 42 USC § 1983.

45) As a result of the violations set forth above, the plaintiffs have suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiffs request a judgment against the defendant for whatever amount is sufficient to compensate them for their injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorneys fees under 42 USC § 1988, and any other relief this court teams fair and just.

## COUNT II – FIRST AMENDMENT VIOLATIONS - 42 USC § 1983

46) The plaintiffs restate and re-alleges as though fully set forth herein paragraphs 1-45 of this complaint.

47) The defendant arrested Justin Arellano and Jeremiah Arellano because they questioned and protested the defendant's unlawful conduct.

48) The plaintiffs and their parents had a clearly established constitutional right to question and protest the defendant's conduct.

49) The defendant Turner detained the plaintiffs because they continued to question and protest the illegal arrest, including demanding that they be released from handcuffs and telling him that they would file a lawsuit over it.

50) The defendant Turner continued to detain Justin and Jeremiah Arellano in retaliation against them because they and their parents questioned and protested their illegal arrests.

51) The aforementioned acts of the defendant Turner constitute unconstitutional violations of the plaintiffs' First Amendment Rights, and he could not reasonably have believed that his actions described above were within the constitutional limits on the exercise of his authority under the First and Fourteenth Amendments to the Constitution of the United States.

52)     These claims are actionable under 42 USC § 1983.

53)     As a result of the unconstitutional violations set forth above, the plaintiffs have suffered

and will continue to suffer the damages set forth above.

WHEREFORE: the plaintiffs request a judgment against the defendant for whatever

amount is sufficient to compensate them for their injuries and damages past and future

plus punitive damages, all recoverable interest, costs, attorneys fees under 42 USC §

1988, and any other relief this court teams fair and just.

## COUNT III – FIFTH AMENDMENT VIOLATIONS – 42 USC § 1983

54)     The plaintiffs restates and re-alleges as though fully set forth herein paragraphs 1-53 of

this complaint.

55)     The defendant detained the plaintiffs for an unreasonably long time because they refused

to answer questions after he had arrested them and had placed them into custody.

56)     The plaintiffs had a clearly established constitutional right to refuse to answer questions

while in police custody and to remain silent.

57)     It is clearly established that a police officer cannot detain a citizen because he refuses to

answer questions in custody, without a reason to do so, as was the case herein.

58)     The defendant could not reasonably have believed that his conduct described above was

within the constitutional limitations on the exercise of his authority under the Fifth and

Fourteenth Amendments to the Constitution of the United States.

59)     These claims are actionable under 42 USC § 1983.

60)     As a result of the unconstitutional violations set forth above, the plaintiffs have suffered

and will continue to suffer the damages set forth above.

WHEREFORE: the plaintiffs request a judgment against the defendant for whatever amount is sufficient to compensate them for their injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorneys fees under 42 USC § 1988, and any other relief this court teams fair and just.

## COUNT IV – INTENTIONAL TORTS

61)   The plaintiffs restate and realleges as though fully set forth herein paragraphs 1-60 of this complaint.

62)   The acts of the defendant set forth above constitute an assault and battery, a false arrest, and a false imprisonment.

63)   As a result of the intentional torts set forth above, the plaintiffs suffered and will continue to suffer the damages set forth above.

WHEREFORE: the plaintiffs request a judgment against the defendant for whatever amount is sufficient to compensate them for their injuries and damages past and future plus punitive damages, all recoverable interest, costs, attorneys fees under 42 USC § 1988, and any other relief this court teams fair and just.

Dated: July 18, 2022

WILLIAM F. PIPER, PLC.
Attorney for Plaintiff

By:     /s/ William F. Piper
        William F. Piper (P38636)
BUSINESS ADDRESS:
        1611 West Centre Ave., Ste 209
        Portage, Michigan 49024
        Phone: 269.321.5008
        Fax: 269.321.5009